25  397
57  621

## WARD's EXECUTORS *vs.* HAGUE and others.

1. The equity which entitles a subsequent mortgage encumbrancer to the benefit of a release executed by a first mortgagee, arises only when the first mortgagee gives the release with knowledge of the existence of the subsequent mortgage; and if the release is executed without notice of existing equities on the part of the subsequent encumbrancer, the first mortgagee is not responsible for the consequences of his act, nor is the lien of his mortgage in any wise impaired. The recording of the subsequent mortgage will not operate as constructive notice of its existence to the prior mortgagee.

2. To entitle the holder of a judgment on a lien claim upon a building erected upon premises covered by a mortgage, to the benefit of a release, made after the commencement of the building, of other land embraced in the mortgage, the mortgagee must have had knowledge at the time he executed the release, of the existence of the claim, and have acted in bad faith and with unjust intention. The mere fact that when the release was made the building was in progress, and the mortgagee knew it, is not sufficient.

Motion to open decree *pro confesso* and let in defendants to answer.

*Mr. Frederick Adams,* for the motion.

*Mr. Oscar Keene,* contra.

THE CHANCELLOR.

This case comes before me on an application on behalf of certain of the defendants, to set aside the decree *pro confesso* and order of reference, and admit them to answer, to the end that they may set up an equity against the complainant. The applicants are holders of a judgment on a mechanic's lien

claim for work and material done and provided in and for the building of houses for the mortgagor on the mortgaged premises. The equity they claim is based on the fact that the complainant's testator, then the holder of the mortgage on which the bill is filed and which was the first encumbrance on the premises, released certain other land included therein, after the commencement of those buildings. The applicants aver that the release impaired and rendered insufficient the security of the persons who either had done or furnished, or might do or furnish, work or materials on or for the buildings, and they insist that they are therefore entitled in equity, to the benefit of the release. It is not alleged that the testator knew or had any reason to suspect the existence of any claims whatever, which might be or become liens upon the mortgaged premises, or any part thereof, when he executed the release, or that he was aware that he was in any wise affecting, by the release, any interest of any creditor of the mortgagor. The release appears to have been made at the request of the mortgagor and for his accommodation, and without any consideration. This application is rested on the ground that the buildings, which were partly constructed when the release was executed, were, of themselves, notice to the testator of the equities of the lien claimants. The buildings were commenced after the mortgage was given, and the mortgagee knew that such was the fact. He was induced, by the increased value which they gave to part of the premises, to release the rest. The equity which entitles a subsequent mortgage encumbrancer to the benefit of a release executed by a first mortgagee, arises only where the first mortgagee gives the release with knowledge of the existence of the subsequent mortgage; and if the release is executed without notice of existing equities on the part of the subsequent encumbrancer, the first mortgagee is not responsible for the consequences of his act, nor is the lien of his mortgage in any wise impaired. The recording of the subsequent mortgage will not operate as constructive notice of its existence to the prior mortgagee. *Blair* v. *Ward,* 2 *Stockt.* 126 ; *Van Orden* v. *Johnson,* 1

*McCarter* 376 ; *Hoy* v. *Bramhall*, 4 *C. E. Green* 563. The circumstances under which the release was made in this case, do not appear. Nor does it appear what representations were made to the testator in reference to the existence of any claims, the holders of which might be affected by the execution of the release. The case made on this application is admitted to be all that could be made against the complainant if this motion were granted. Whether the lien claimant in such a case as this would be entitled to the equity which is set up here, must depend on something more than the mere fact that when the release was made, the building was in progress and the mortgagee knew it. Chancellor Kent, speaking on the subject of the equity under consideration, says : " As this rule of substitution rests on the basis of mere equity and benevolence, the creditor who has thus disabled himself from making it is not to be injured thereby, provided he acted without knowledge of the other's rights and with good faith and just intention, which is all that equity in such case requires." *Cheesebrough* v. *Millard*, 1 *Johns. Ch.* 414. On the evidence before me, I should be unwilling to hold that the testator had knowledge of the rights of the applicants or those under whom they claim when he released, and it is not denied that he acted in good faith and with just intention.

The motion will be denied, with costs.